## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

| | | |
|---|---|---|
| **TIMOTHY L. TAYLOR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 1:17-00916** |
| | ) | |
| **SGT. ERIC SLOANE,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Plaintiff's letter-form Motion to Dismiss (Document No. 34),
filed on August 9, 2017. By Standing Order, this matter was referred to the undersigned United
States Magistrate Judge for submission of proposed findings of fact and a recommendation for
disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.)

### FACTUAL AND PROCEDURAL HISTORY

On January 25, 2017, Plaintiff, acting *pro se*, filed his Complaint alleging violations of his
constitutional and civil rights pursuant to 42 U.S.C. § 1983. (Document No. 2.) Plaintiff names the
following as Defendants: (1) Sgt. Eric Sloane; (2) Corporal Tenka Jones; (3) CO II Richard
Pennington; and (4) Inez Dickerson. (Id.) Plaintiff alleges that in June 2016, Captain Tenka Jones
denied him medical treatment for a PTSD anxiety attack. (Id., p. 5.) Plaintiff explains that CO
Clique witnessed the denial of medical treatment and contacted Unit Manager Brooks, who
ensured that Plaintiff received the necessary medical treatment. (Id.) Since the above incident,
Plaintiff alleges that Captain Jones has "singled [him] out" by filing false reports and engaging in
harassment. (Id.) Plaintiff contends that Captain Jones harassed him by continuously wrecking his
cell by "tossing his bed" and throwing his belongs on the floor. (Id.) Plaintiff further claims that

Captain Jones used her personal relationship with AWS Inez Dickerson to falsely charge Plaintiff

with disciplinary violations. (Id.) Plaintiff alleges that CO II Richard Pennington and Sgt. Sloane

falsified incident reports under Captain Jones' direction. (Id., p. 6.) Plaintiff also asserts that Sgt.

Sloane testified falsely during the disciplinary hearing. (Id.) Plaintiff alleges that AWS Dickerson

"signs off" on the false reports without conducting any type of investigation. (Id., p. 5) Plaintiff

claims the false reports resulted in his transfer to "gang territory," which has jeopardized his safety.

(Id.) Next, Plaintiff alleges that he has been subjected to inhumane conditions of confinement. (Id.,

p. 7.) Plaintiff states that he was subjected to verbal assault and the intentional sealing off in a

room and vents for 8 hours a day. (Id., p. 7.) Third, Plaintiff alleges that he has been denied

requested medical treatment. (Id.) Based upon the foregoing, Plaintiff requests monetary and

injunctive relief. (Id., p. 7.)

On February 8, 2017, Plaintiff filed a Supplement to his Complaint. (Document No. 7.)

Plaintiff alleges that he suffered an injury on September 23, 2016, as a result of an "altercation

created by Sgt. Sloane." (Id.) Plaintiff alleges that Sgt. Sloane directed six correctional officers to

use unnecessary and excessive force upon Plaintiff. (Id.) Plaintiff states that he was struck in the

lower back, which resulted in his "spine being bruised and swollen" and his "ribs felt broken."

(Id.) Plaintiff contends that he suffered severe pain for more than a month. (Id.) Plaintiff states that

he was only treatment with non-narcotic pain relievers. (Id.) Finally, Plaintiff complains that the

foregoing altercation costed him 905 days good time credit. (Id.)

By Order entered on February 10, 2017, the undersigned granted Plaintiff's Application to

Proceed Without Prepayment of Fees and directed the Clerk to issue process upon receipt of

Plaintiff's initial partial payment of the filing fee. (Document No. 8.) On February 17, 2017,

Plaintiff filed a supplement to his Complaint. (Document No. 12.) Plaintiff paid his initial partial

payment of the filing fee on March 30, 3017, and Clerk issued process on March 31, 2017. (Document Nos. 25 and 26.) Defendants filed their Answer on April 24, 2017. (Document No. 29.) On April 25, 2017, the undersigned entered a Scheduling Order setting forth deadlines for completing discovery and filing dispositive motions. (Document No. 30.)

On August 9, 2017, Plaintiff filed his letter-form Motion to Dismiss. (Document No. 34.) In support, Plaintiff notes his difficulties in proceeding with his case while incarcerated and states that he hopes to be released on parole in December, 2017. (Id.) Plaintiff notes that he will be better able to locate counsel or prosecute his case after his release from custody. (Id.) Thus, Plaintiff requests that the Court "to discontinue this case to a later date or dismiss it to where I can re-open it at a later date." (Id.)

On September 21, 2017, Defendants filed their Response. (Document No. 35.) Defendants note that Plaintiff requests that the Court "discontinue" this matter or dismiss the matter without prejudice. (Id.) Defendants state that they have "no objection to a dismissal without prejudice but do object to any continuance of this matter." (Id.) Plaintiff has filed no Reply.

## ANALYSIS

Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that a plaintiff may voluntarily dismiss an action without a Court Order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Rule 41(a)(1)(B) states in pertinent part, as follows:

> Unless the notice of dismissal or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal – or state – court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that

3

the court considers proper." The purpose of the Rule respecting voluntary dismissal "is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). "A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). It is well established that prejudice to the defendant does not result from the prospect of a second lawsuit. See Ellett Brothers, Inc. v. U.S. Fidelity & Guaranty Co., 275 F.3d 384, 388 (4th Cir. 2001); also see Vosburgh v. Indemnity Ins. Co. of North America, 217 F.R.D. 384, 386 (S.D. W.Va. Sep. 12, 2003). In considering a Motion under Rule 41(a)(2), the District Court should consider the following relevant, but non-dispositive, factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." Id. These factors are not exhaustive, and no factor should be given weight over another. Gross v. Spies, 133 F.3d 914 (4th Cir. 1998)(citing Ohlander v. Larson, 114 F.3d 1531, 1537 (10th Cir. 1997).

In consideration of the first and fourth factors, the undersigned finds that Movant's Motion for Voluntary Dismissal should be granted. The undersigned notes that even though Defendants have filed an Answer to Plaintiff's Complaint, the record does not support a finding that Defendants have spent a considerable amount of time or expense on this case. It does not appear that the parties have engaged in any discovery. Furthermore, Defendants have filed no dispositive motions. Considering the second factor, the undersigned notes that there has been no excessive delay or lack of diligence on the part of Plaintiff. Considering the third factor, Plaintiff sets forth a reasonable explanation that he will be better able to prosecute his case following his expected release in December. As stated above, a "motion under Rule 41(a)(2) should not be denied absent

4

substantial prejudice to the defendant." <u>Andes</u>, 788 F.2d at 1036. In the instant case, there is no indication or allegation of prejudice to the Defendants. Further, it is well established that prejudice to the defendant does not result from the prospect of a second lawsuit.  Accordingly, the undersigned respectfully recommends that Plaintiff's Motion requesting voluntary dismissal of this action be viewed under Federal Rule of Civil Procedure 41(a)(1)(A) and that the instant civil action be dismissed under Rule 41(a)(1)(A)(i) without prejudice. <u>See</u> <u>e.g.</u>, <u>Camacho v. Mancuso</u>, 53 F.3d 48, 51 (4th Cir. 1995)(Rule 41(a)(1) "only allows a unilateral dismissal prior to a defendant's filing an answer to the complaint or filing a motion for summary judgment.") To the extent Plaintiff requests that the case be "discontinued," the undersigned recommends that his Motion be denied.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Plaintiff's letter-form Motion to Dismiss (Document Nos. 34) to the extent he seeks dismissal without prejudice, **DENY** Plaintiff's letter-form Motion to Dismiss (Document No. 34) to the extent he seeks the case to be "discontinued," **DISMISS** Plaintiff's Complaint (Document No. 2, 7, 12) without prejudice and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections

5

identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: October 10, 2017.

Omar J. Aboulhosn
United States Magistrate Judge

6